UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:09-CR-01-REW-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| MICHAEL P. GREEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Michael P. Green is awaiting sentencing in case 6:22-CR-71-REW, which is set for October 10, 2023. The purpose of this Recommended Disposition is to determine whether Defendant is guilty of the alleged supervised-release violation in this 2009 case. The *sentencing* in this matter is consolidated with the sentencing in the 2022 case.

### I. Procedural Background

Then-District Judge Thapar entered Judgment against Defendant in September 2009 after Defendant pleaded guilty to one count of possession with intent to distribute methamphetamine. D.E. 88 (plea agreement); D.E. 92 (judgment). Defendant was sentenced to 85 months of imprisonment followed by three years of supervised release. *Id*. at 2-3. Defendant was first released on June 9, 2014.

On February 4, 2015, Defendant's term of supervised release was revoked for use and possession of methamphetamine, committing the crime of methamphetamine possession, and attempting to obstruct or tamper with substance abuse testing. He was sentenced to 12 months imprisonment, with a lifetime term of supervised release to follow. D.E. 112. Defendant was

released again on January 8, 2016. He attended outpatient substance abuse treatment at Windows of Discovery, and successfully completed the program on August 3, 2016.

In September 2022, the United States Probation Office ("USPO") reported that Defendant produced a urine specimen that tested positive for methamphetamine. D.E. 177. Defendant admitted he used meth three times in the past two weeks. *Id*. The probation officer requested that no action be taken, but that Defendant instead return to outpatient counseling. *Id*. Judge Wier approved this request (D.E. 179) and Green returned to Windows of Discovery.

## II.  Violation Report and Subsequent Proceedings

On September 29, 2022, the USPO issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. The Report charges a single violation of the condition prohibiting commission of another federal, state, or local crime. According to the Report, on September 27, 2022, Defendant was arrested by the Laurel County Sheriff's Office and charged in Laurel County District Court case #22-F-0570 with "Trafficking in a Controlled Substance, First Degree, First Offense (2 grams or more of methamphetamine) (KRS 218A.1412(1)(b), a Class C felony)." This is a Grade A violation under USSG § 7B1.1(a)(1) because the violation conduct constitutes a felony controlled-substance offense.

Defendant was then federally indicted in case 6:22-CR-71-REW. An Addendum to the Report, issued by the USPO on March 16, 2023, notes that, after this indictment issued, the related Kentucky state charges were dismissed. A Second Addendum to the Report, issued July 7, 2023, notes that, on June 20, Defendant pleaded guilty to Count One (conspiracy to distribute 500 grams or more of a methamphetamine mixture), and that on June 26 Judge Wier accepted the guilty plea.

On December 16, 2022, the Court conducted an initial appearance pursuant to Rule 32.1, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 182. At the initial appearance, the United States made an oral motion for interim detention; Defendant did not argue for release. Based on the heavy defense burden under 18 U.S.C. § 3143(a), Defendant was remanded to the custody of the United States Marshal. *Id.*

The final hearing in this matter was continued to allow for resolution of the 2022 case. The Court then conducted a final hearing as to the issue of guilt on July 10, 2023. D.E. 190. Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the violation. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violation as described in the Report. The United States thus established the violation under the standard of section 3583(e).

### III. Penalty Range

The Court has evaluated the entire record, the Report, Addenda, and accompanying documents, including the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to conspiracy to distribute methamphetamine, a Class C felony. *See* 21 U.S.C. §§ 851, 846. A Class C conviction carries a two-year maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007). Under section 7B1.1, Defendant's admitted conduct would qualify as a Grade A violation. Given Defendant's criminal history category of VI (the category at the time of the conviction in this District) and Grade A violation, Defendant's range, under the Revocation Table of Chapter Seven, is 33 to 41 months. USSG § 7B1.4(a). However, given the two-year statutory maximum, Defendants effective Guidelines Range is 24 months.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's drug trafficking conviction carries no maximum term of supervised release. *See* 18 U.S.C. § 3583(h); 21 U.S.C. 841(b)(1)(C).

### IV. Conclusion

The Court hereby **RECOMMENDS** that, upon his stipulation, Defendant be found **guilty of the violation**. This matter remains set for sentencing before Judge Wier on October 10, 2023.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). Within **FIVE DAYS** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of

Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 10th day of July, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge