UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:09-CR-001-REW-01 |
| v. | ) | |
| | ) | ORDER |
| MICHAEL P. GREEN | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant Michael P. Green's final revocation hearing on alleged violation of the conditions of supervised release. *See* DE 190 (Minute Entry); DE 191 (Recommended Disposition). The underlying case centered on meth trafficking. *See* DE 92. The instant violation (not Green's first) is related to Green's arrest for "Trafficking in a Controlled Substance, First Degree, First Offense (2 grams or more of methamphetamine) (KRS 218A.1412(1)(B), a Class C felony)" in Laurel County.[1] *See* DE 191 at 2. Green, after being apprised of his rights, stipulated to the violation at the hearing. *Id.* at 3. Judge Ingram recommended that the undersigned find Green guilty of committing the alleged violation, established by Green's own admissions. *Id.* at 4. Judge Ingram advised Green of his right to object to the recommendation. *Id.* The prescribed five-day objection period has passed without any objection from Defendant Green or the United States.

---

[1] Subsequently, Defendant Green was federally indicted for conspiracy to distribute 500 grams or more of methamphetamine (mixture) and possession with intent to distribute of the same substance and quantity. *See* DE 1 (Indictment) (6:22-CR-71-REW-HAI). After this indictment, the related Kentucky state charges were dismissed.

1

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (brackets removed) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Judge Ingram accounted for all considerations in the record in a fitting and proper way. The Court does not disturb his analysis or judgment. The Court thus, with no objection from any party and on full review of the record and Judge Ingram's treatment, **ORDERS** as follows:

1. The Court **ADOPTS** DE 191 and **ADJUDGES** Defendant Green guilty of the violation;

2. The final sentence **SHALL** be argued on **October 10, 2023** as part of the sentencing hearing in Criminal Action Number 6:22-CR-71-REW-HAI. Any party objecting to this combined hearing must file an apt motion by August 1, 2023.

This the 18th day of July, 2023.

Signed By:
*Robert E. Wier*
United States District Judge